White, J.
This case comes before us on a bill of excep *383 tions, which has been allowed to be filed, in pursuance of «eetion 158 of the code of criminal procedure.
The question in the case arises oh the, construction of section 1, of the act of April 5,1866, supplementary to the act to provide against the evils resulting from the sale of intoxicating liquors.
The act provides as follows: “ That it shall be unlawful for any person or persons, ... to buy for or furnish to any minor, to be drank by such minor, any intoxicating liquors whatsoever, unless given by a physician, in thé regular line of his practice.”
The rule at common law is, that in offenses less than felony, all who aid, advise, or procure the commission of an offense, though absent at the time of its commission, are principals; but in all classes of offenses, those who are present at their commission, giving aid and assistance, are alike principals. This principle is applicable here. The gist of the offense consisted in furnishing the liquor to Johnston, to be drank by him, knowing him to be a minor. The defendant was the only one present, who had liquor to furnish, and he supplied it with the understanding that one glass of it was to be drank by Johnston. The liquor passed directly from the defendant to Johnston. True, it was supplied by the defendant at the instance of McCoy, who was to pay for it; but the unlawfulness of the act is not affected by that fact. Whether it was to be paid for, or not, was, under the statute, immaterial. If the liquor was. supplied by the defendant to Johnston, to be drank by him, knowing him to he a minor, the offense was complete; and it would be no defense that the defendant, acted at the instance or under the employment of another.
We think the court erred, and that the exceptions were well taken.
McIlvaine, C. J,, Welch, Rex, and Gilmore, JJ., com eurred.